UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| CONNIE BATCHELOR, SHAQUILA BUMPASS, JENNIFER CASTRO, and QRUINTRELL COOK,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL ROLSTON, individually, and the NAKAMOTO GROUP, INC.,<br><br>Defendants. | Case No. 4:21-cv-232-AW-MAF |

**PLAINTIFF'S RESPONSE TO DEFENDANT
NAKAMOTO'S MOTION TO DISMISS**

Plaintiffs CONNIE BATCHELOR, SHAQUILA BUMPASS, JENNIFER CASTRO, and QRUINTRELL COOK, respond to the Defendant NAKAMOTO GROUP Motion to Dismiss (ECF 14), as follows:

Defendant Nakamoto Group seeks dismissal on the following grounds:

1. That Plaintiffs have not presented adequate plausible facts;
2. That Plaintiffs did not recite they exhausted administrative remedies;
3. That Plaintiffs have no private right of action based on PREA;
4. That Plaintiffs' negligence claim is a disguised contract action;
5. That Plaintiffs are not third-party beneficiaries under their BOP contract;
6. That Defendant's duties did not arise independent of the contract;
7. That Nakamoto had no duty to protect from criminal acts of third parties.

1

Plaintiffs respond as follows:

1. Plaintiff's facts are adequate and plausible;
2. The Prison Litigation Reform Act does not apply to claims on Nakamoto;
3. Plaintiffs do not base their action on PREA law but on state law claims;
4. Plaintiffs are third-party beneficiaries of the BOP contract;
5. Florida law permits alternative theories of relief;
6. The purposes of the contract were primarily to protect Plaintiffs;
7. Plaintiffs' injuries from criminal acts of third parties were foreseeable.

## MEMORANDUM OF LAW

Defendant has moved for dismissal under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) and also suggests the Court might consider its Motions under Fed.R.Civ.P. 56. To the extent that the operative complaint is insufficiently or inartfully pleaded, Plaintiffs fully intend to amend as of right under Fed.R.Civ.P. 15(a)(1)(B) to overcome any such defects. However, Plaintiff will address the Motions as follows:

Motions to dismiss are disfavored and not often granted. See, e.g., *Universal Collision Center Inc. v. Travelers Ind. Co. of Conn.*, 2010 WL 2015242, at *1 (N.D. Fla. 2010) (*citing Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969) ("A motion to dismiss on the basis of the pleadings alone should rarely be granted.")). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (q*uoting Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 570 (2007)); *see also id*. at 679 ("a complaint that states a plausible claim for relief survives a motion to dismiss"). To meet this "plausibility standard," the plaintiff must plead sufficient facts to permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. While the Federal Rules of Civil Procedure Rule 8(a) only requires a "short and plain statement" showing that plaintiff is entitled to relief—the claims must be "enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555; *accord, e.g., Iqbal*, 556 U.S. at 678 (noting that Rule 8(a) does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation") (*quoting Twombly*). *Iqbal* also makes clear that there is no heightened pleading standard under 42 USC § 1983. *See Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

When reviewing a motion to dismiss, in general, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See, e.g., Brooks v. Blue Cross & Blue Shield of Fla. Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997). As noted by Defendant Nakamoto, Plaintiffs must 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. However, there is no "heightened pleading standard." As the Eleventh Circuit held in *Randall v. Scott*, "[a]fter *Iqbal* it is clear that there is no "heightened pleading standard" as it relates to cases governed by Rule 8(a)(2), including civil rights complaints. 610 F.3d 701, 710 (11th Cir. 2010).

The Plaintiffs here present vivid and deeply concerning facts regarding their treatment by Physician's Assistant Paul Rolston. Plaintiffs further alleged specific details regarding Nakamoto's failure to conduct any research on the peculiar and troubling history of FCI Tallahassee.[1] (ECF 01 at ¶ 92).

Plaintiffs further alleged that Nakamoto failed to non-negligently review critical facility functions including but not limited to intake and risk screening; activity in the housing units; bathroom and shower procedures; staffing ratios; cameras and surveillance technology deployment and use; access to reporting entities; and supervision practices at FCI Tallahassee. (Id. at ¶ 94).

Plaintiffs alleged that Nakamoto failed to non-negligently to review internal records at FCI Tallahassee as part of the auditing process, including but not limited to background check records; supervisory rounds logs; risk screening and intake processing records; medical files; and investigative files—including a review of a

---

[1] Plaintiffs did not specifically allege but can and will allege that the troubled history of sexual abuse at FCI Tallahassee does not begin with, but is highlighted by, a shootout between federal agents and FCI Tallahassee corrections officers who sought to arrest several officers involved in a contraband smuggling and sexual exploitation ring, in which one corrections officer and an FBI Agent were killed. Plaintiff will also further allege that one FCI Tallahassee corrections officer is currently awaiting trial for sexual abuse of multiple victims over years, including years covered by Nakamoto Audits.

representative sample of each type of record. A complete review of such records would have revealed rafts of complaints of misconduct and thorough staff interviews would have revealed specific examples of abuse, as Plaintiffs can further detail in its Amendment under Fed.R.Civ.P. 15(a)(1)(B).

### A. Plaintiffs Had No Duty to Exhaust Remedies as to Nakamoto

Defendant Nakamoto cites the Prison Litigation Reform Act as requiring exhaustion of administrative remedies, but the PLRA only relates to lawsuits under federal statutes, not any cause of action raised against Nakamoto Group. The Act, 42 USC 1997e, Suits by Prisoners, provides: "(a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under *section 1983 of this title, or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Thus, the claims as to Nakamoto are not included.

### B. Plaintiffs Have Not Brought Their Causes of Action under PREA

Defendant describes these actions as suits under the Prison Rape Elimination Act (PREA). However, as Defendants point out elsewhere, there is no private civil cause of action under PREA. These are clearly state law causes of action. Of course, PREA is one of those statutes designed to protect a particular class of persons who cannot protect themselves and establishes negligence "per se." But Negligence or, alternatively, breach of contract, are the causes of action.

### C. Plaintiffs Are Third-Party Beneficiaries under the BOP Contract

Under Florida law, to assert a third-party beneficiary claim, a complaint must allege: (1) a contract; (2) an intent that the contract primarily and directly benefit the third party; (3) breach of the contract; and (4) resulting damages to the third party. *See, e.g., Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*,647 So.2d 1028, 1031 (Fla. 4th DCA 1994). A party is an intended beneficiary if the contract expresses, an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong. *See id.*; *see also Jenne v. Church & Tower, Inc.*,814 So.2d 522, 524 (Fla. 4th DCA 2002) (explaining that courts look to nature or terms of contract to find parties' clear or manifest intent that it is for third party's benefit). It is not necessary that the third-party beneficiary is named in the contract. *See Fla. Power & Light Co. v. Mid–Valley, Inc.*,763 F.2d 1316, 1321 (11th Cir.1985). *Dingle v. Dellinger*, 134 So. 3d 484, 488 (Fla. Dist. Ct. App. 2014). In *Auto Mut. Indemnity Co. v. Shaw*, 134 Fla. 815, 184 So. 852 (1938), the Florida Supreme Court held as follows:

> The authorities are in harmony with the rule that one for whose benefit a contract is made, although not a party to the agreement and not furnishing the consideration therefor, may maintain an action against the promisor. In other words, a third person can enforce a contract entered into between others for his benefit. See 81 A.L.R. 1279
>
>     * * * * * *
>
> Upon the principle of law well established and long recognized, where a person engages another, for a valuable consideration, to do some act for a benefit of a third, the latter who would enjoy the benefit of the act may

maintain an action for the breach of such engagement, the law operates upon the acts of the parties, creates a duty, establishes a privity and implies the promise and obligation.

134 Fla. at 822-24.

It might also be argued that federal common law controls whether Plaintiffs are third-party beneficiaries but the result is the same. To qualify as a third-party beneficiary under federal common law, a plaintiff must show that "the contract reflects the express or implied intention of the parties to benefit the third party." *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 706 (4th Cir. 2007) (*citing Boyle v. United Techs. Corp.*, 487 U.S. 500, 504-05 (1988)). Courts also look to whether granting third- party beneficiary status would frustrate the intent behind an underlying federal statutory scheme. *See, e.g., Trimble*, 484 F.3d at 706-07 (affirming dismissal on third-party beneficiary grounds, where recognizing the plaintiff's third-party beneficiary status "would be contrary to the intent and structure of the [Arms Export Control Act]"). Here, the underlying federal statutory scheme would be the Prison Rape Elimination Act (PREA) itself. Clearly the intent of PREA for the contract to audit the government to assess its care for the safety of the prisoners in its custody would be for the benefit of the prisoners.

### D. Nakamoto Owed a Duty to Plaintiffs under Tort Law

The general rule is that a defendant is not liable for a negligent act to a plaintiff with whom he is not in privity unless the defendant has knowledge that the plaintiff would rely on the act. *Gallichio v. Corporate Group Service*, 227 So. 2d

519, 521 (Fla. Dist. Ct. App. 1969). Here, however, the inescapable inference is that prisoners may well suffer serious physical harm if the defendant negligently performed its contractual duty to make safety audits. Privity is not required in such cases. *See Nelson v. Union Wire Rope Corporation*, 31 Ill.2d 69, 199 N.E.2d 769, 779-780 (1964); *cf. Morse v. Hendry Corp.*, Fla. App. 1967, 200 So.2d 816. This conclusion is reinforced by the reasoning of Justice Terrell in *Matthews v. Lawnlite Company*, Fla. 1956, 88 So.2d 299. *Cf. Manheim v. Ford Motor Company*, Fla. 1967, 201 So.2d 440. One who may foreseeably be injured by the negligent performance of a contractual duty has the right to maintain an action against the allegedly negligent performer even though he is not in privity with that performer. In such circumstances, a duty would be owed, for which the contractor could be held liable in tort. Whether the defendant breached a duty may be determinative of whether, as a matter of law, there arose an actionable duty in the first instance. For instance, although an intended third-party beneficiary may maintain a legal malpractice action in theories of either tort (negligence) or contract (third-party beneficiary), the contractual theory is conceptually superfluous because the crux of the action must lie in tort as there can be no recovery without negligence. *McAbee v. Edwards*, 340 So.2d 1167, 1169 (Fla. 4th DCA 1976). Further, violation of laws like PREA, that are designed to protect a particular class of persons from their

inability to protect themselves, is negligence *per se*. *deJesus v. Seaboard Coast Line R. Co.*, 281 So. 2d 198, 201 (Fla. 1973).

Although privity of contract may create a duty of care providing the basis for recovery in negligence, the lack of privity does not necessarily foreclose liability if a duty of care is otherwise established. *See Baskerville–Donovan Eng'rs, Inc. v. Pensacola Exec. House Condo. Ass'n*, 581 So.2d 1301, 1303 (Fla.1991). *Dingle v. Dellinger*, 134 So. 3d 484, 488 (Fla. Dist. Ct. App. 2014).

Economic losses are protected by contract law, rather than tort law. Thus, contract principles, not tort principles, generally govern claims for economic loss. However, where there is a *physical injury*, tort law can be the basis of a claim. *See Palau Int'l Traders, Inc. v. Narcam Aircraft, Inc.*, 653 So.2d 412, 415 (Fla. 3d DCA), review denied, 661 So.2d 825 (Fla. 1995); *see also Comptech Int'l, Inc. v. Milam Commerce Park, Ltd.*, 711 So.2d 1255 (Fla. 3d DCA 1998). *Russell v. the Sherwin-Williams Co.*, No. 97-3338, at *1 (Fla. Dist. Ct. App. Mar. 17, 1999). Here, the breach by Nakamoto Group did result in physical injury.

### E. Injuries from Criminal Acts of Third Parties Were Foreseeable

In *United States v. Stevens*, 994 So. 2d 1062 (Fla. 2008), a victim was mailed a letter containing anthrax, which he subsequently inhaled and died from as a result. *Id*. at 1064. The anthrax was traced to a United States Army research facility, and the victim's estate filed a wrongful death action against the United

States government. Id. The complaint alleged the government breached its duty to properly monitor and secure the anthrax. *Id*. The government moved to dismiss the complaint, arguing that it could not be liable for the criminal acts of a third party. *Id*. at 1065. The Florida Supreme Court found that although there was no special relationship between the government research facility and the victim, the research facility owed a duty to the broader public under the facts of the case. *Id*. at 1069. *Abad v. G4S Secure Sols*. (U.S.), 293 So. 3d 26, 30 (Fla. Dist. Ct. App. 2020).

The general rule is that there is no duty to protect against criminal acts of third parties, *unless the criminal acts are reasonably foreseeable*. See Prosser Law of Torts § 33 at 173-176 (4th ed. 1971)." *Dolan Title & Guaranty Corp. v. Hartford Accident & Indemnity Co*., 395 So. 2d 296, 299 (Fla. Dist. Ct. App. 1981). Here, the very reason for PREA and for the necessity of the audit was that sexual abuse of prisoners was a real danger. That was especially the case at FCI Tallahassee.

### F.  Florida Law Permits Pleading in the Alternative

Plaintiffs intend that, to the extent negligence and contract damages overlap, they are pled in the alternative. Like federal law, Florida law permits pleading in the alternative. See Fla. R. Civ. P. 1.110(b) ("Relief in the alternative or of several different types may be demanded."); *DiChristopher v. Bd. of Cty. Comm'rs*, 908 So.2d 492, 495 (Fla. 5th DCA 2005) ("[I]f a plaintiff is unsure of the correct legal basis for relief, he may plead in the alternative. A plaintiff may set out the facts of

the occurrence or transaction and demand judgment in his favor on several bases, even mutually exclusive ones." *Citing Quality Type & Graphics v. Guetzloe*, 513 So.2d 1110 (Fla. 5th DCA 1987); *Payas v. Adventist Health Sys./Sunbelt, Inc*., 238 So. 3d 887, 894 (Fla. Dist. Ct. App. 2018).

To the extent Plaintiffs have failed to completely or articulately plead its case against Nakamoto Group, they intend to do so under Fed.R.Civ.P. 15(a)(1)(B).

WHEREFORE, Plaintiff Requests that the Court DENY the Motion.

Respectfully Submitted,   *s/James V. Cook*
James V. Cook, Esq.
Florida Bar Number 966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

Attorney for Plaintiffs