**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CASE NO.: 4:21-cv-232-AW-MAF**

CONNIE BATCHELOR, SHAQUILA
BUMPASS, JENNIFER CASTRO,
QUINTRELL COOK, SANDRA SIMON,
and, BETH FARBER,

      Plaintiffs,

v.

PAUL ROLSTON, individually, and,
THE NAKAMOTO GROUP INC.,

      Defendants.

_____/

**DEFENDANT THE NAKAMOTO GROUP INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO THE AMENDED COMPLAINT**

      DEFENDANT, THE NAKAMOTO GROUP INC. ("DEFENDANT"), by and through

undersigned counsel, hereby files this Answer and Affirmative Defenses to the Amended

Complaint.  All allegations not specifically admitted are denied.

**I.  ANSWER**

**JURISDICTION**

      1.      As argued in the Motion to Dismiss, DEFENDANT asserts that this case is a

PREA case in disguise, thus, PLAINTIFFS are required to exhaust administrative remedies

before filing suit.  PLAINTIFFS have not exhausted their administrative remedies.  Accordingly,

DEFENDANT asserts that the Court does not have jurisdiction over this case.

      2.      DEFENDANT adopts and incorporates its answer to Paragraph 1 above.

      3.      DEFENDANT adopts and incorporates its answer to Paragraph 1 above.

4.      DEFENDANT does not dispute venue; but, DEFENDANT disputes jurisdiction as set forth above in Paragraphs 1, 2, and 3 above.

5.      Denied.  PLAINTIFF has not identified the conditions precedent.  Additionally, as noted above, DEFENDANT asserts that this case is a PREA case in disguise, thus, PLAINTIFFS are required to exhaust administrative remedies before filing suit.  PLAINTIFFS have not exhausted their administrative remedies; therefore, the conditions precedent have not been performed and they have not been waived.

## PARTIES

6.      DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

7.      DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

8.      Admitted.

## COMMON ALLEGATIONS

9.      DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

10.      Admitted that DEFENDANT had a contract to audit the prison pursuant to the PREA.  The contract speaks for itself.  All other allegations are denied.

11.      DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

12.      DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

13.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

14.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

15.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

16.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

## CONNIE HALLMARK BATCHELOR

17.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

18.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

19.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

20.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

21.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

22.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

23.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

24.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

25.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

26.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

27.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

28.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

29.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

30.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

31.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

32.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

33.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

34.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

35.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

## SHAQUILA BUMPASS

36.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

37.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

38.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

39.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

40.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

41.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

42.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

43.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

44.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

45.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

46.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

47.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

48.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

49.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

## **JENNIFER CASTRO**

50.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

51.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

52.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

53.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

54.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

55.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

56.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

57.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

58.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

59.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

60.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

61.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

**QRUINTRELL COOK**

62.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

63.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

64.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

65.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

66.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

67.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

68.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

69.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

70.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

71.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

72.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

73.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

74.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

75.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

76.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

77.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

**SANDRA SIMON**

78.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

79.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

80.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

81.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

82.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

83.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

84.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

85.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

86.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

87.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

88.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

89.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

90.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

91.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

92.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

93.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

**BETH FARBER**

94.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

95.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

96.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

97.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

98.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

99.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

100.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

101.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

102.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

103.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

104.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

105.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

106.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

107.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

108.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

109.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

110.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

111.     DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

112.    DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

113.    DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

### COUNT I: PAUL ROLSTON
### Cruel and Unusual Punishment

114.    DEFENDANT re-asserts its responses to the individual paragraphs applicable to each individual PLAINTIFF as if fully and individually re-stated herein.

115.    This Count was not brought against DEFENDANT; accordingly, all allegations are denied.

116.    This Count was not brought against DEFENDANT; accordingly, all allegations are denied.

117.    This Count was not brought against DEFENDANT; accordingly, all allegations are denied.

118.    This Count was not brought against DEFENDANT; accordingly, all allegations are denied.

119.    This Count was not brought against DEFENDANT; accordingly, all allegations are denied.

120.    This Count was not brought against DEFENDANT; accordingly, all allegations are denied.

### COUNT II: PAUL ROLSTON
### Common Law Sexual Battery

121.    DEFENDANT re-asserts its responses to the individual paragraphs applicable to each individual PLAINTIFF as if fully and individually re-stated herein.

122.    This Count was not brought against DEFENDANT; accordingly, all allegations are denied.

123.    This Count was not brought against DEFENDANT; accordingly, all allegations are denied.

124.    This Count was not brought against DEFENDANT; accordingly, all allegations are denied.

125.    This Count was not brought against DEFENDANT; accordingly, all allegations are denied.

126.    This Count was not brought against DEFENDANT; accordingly, all allegations are denied.

127.    This Count was not brought against DEFENDANT; accordingly, all allegations are denied.

128.    This Count was not brought against DEFENDANT; accordingly, all allegations are denied.

## COUNT III: THE NAKAMOTO GROUP INC.
### Negligence

129.    DEFENDANT re-asserts its responses to the individual paragraphs applicable to each individual PLAINTIFF and the "Common Allegations of Fact" as if fully and individually re-stated herein.

130.    Denied.

131.    Denied.  Regarding the prison facility at issue, the Federal Correctional Institution – Tallahassee, DEFENDANT conducted one audit on March 20-22, 2018.  DEFENDANT had a contract with the BOP to conduct about 34 audits per year at various facilities around the country; that contract expired during the 2019 year.

132.    Denied to the extent PLAINTIFFS are implying that DEFENDANT did not conduct a "thorough examination of the entire facility, observe routine activities, interview staff and inmates, and review and retain key documents maintained by the facility."

133.    Denied to the extent PLAINTIFFS are implying that DEFENDANT did not spend three days at the facility "conducting a site inspection, interviewing executive and rank and file staff and inmates randomly selected by the auditor during the site visit, or inmates previously identified by the facility as being fairly representative of a number of inmate social categories . . . ."  Regarding the allegation as to "youthful inmates," this prison facility did not have "youthful inmates."

134.    Denied to the extent PLAINTIFFS are implying that DEFENDANT'S audit did not involve a "careful process of documentation selection and review."

135.    Denied.  DEFENDANT conducted internet searches and searched other resources to obtain information regarding any issues or problems with sexual abuse or sexual harassment at the prison at issue.  The auditor received negative or unfavorable results; but, such results are not required to be made a part of the audit report.

136.    Denied.   The PREA Standard speaks for itself.   Denied to the extent PLAINTIFFS are alleging that DEFENDANT did not meet the standard and/or did not conduct a thorough examination of the entire facility.

137.    Denied to the extent that PLAINTIFFS are implying that DEFENDANT did not engage with critical facility functions including but not limited to intake and risk screening; activity in the housing units; bathroom and shower procedures; staffing ratios; cameras and surveillance technology department and use; access to reporting entities; and, supervision practices.  All other allegations are denied.

14

138.   Denied.   Also, denied to the extent that PLAINTIFFS are alleging that DEFENDANT did not interview facility staff, including inmates.

139.   Denied.

140.   Denied to the extent PLAINTIFFS are implying that DEFENDANT did not "review internal records . . . including but not limited to background check records; supervisory rounds logs; risk screening and intake processing records; [] and investigative files – including a review of a representative sample of each type of record.   All other allegations are denied. Generally speaking, auditors are not permitted to review medical files due to HIPPA requirements.

141.   Denied.

142.   Denied.

143.   Denied.

## COUNT IV: THE NAKAMOTO GROUP INC.
### Third Party Breach of Contract

144.   DEFENDANT re-asserts its responses to the individual paragraphs applicable to each individual PLAINTIFF and the "Common Allegations of Fact" as if fully and individually re-stated herein.

145.   This Count was dismissed by Order of the Court dated June 2, 2022 (doc. entry 31); accordingly, all allegations are denied as moot.

146.   This Count was dismissed by Order of the Court dated June 2, 2022 (doc. entry 31); accordingly, all allegations are denied as moot.

147.   This Count was dismissed by Order of the Court dated June 2, 2022 (doc. entry 31); accordingly, all allegations are denied as moot.

148.    This Count was dismissed by Order of the Court dated June 2, 2022 (doc. entry 31); accordingly, all allegations are denied as moot.

149.    This Count was dismissed by Order of the Court dated June 2, 2022 (doc. entry 31); accordingly, all allegations are denied as moot.

150.    This Count was dismissed by Order of the Court dated June 2, 2022 (doc. entry 31); accordingly, all allegations are denied as moot.

151.    This Count was dismissed by Order of the Court dated June 2, 2022 (doc. entry 31); accordingly, all allegations are denied as moot.

152.    This Count was dismissed by Order of the Court dated June 2, 2022 (doc. entry 31); accordingly, all allegations are denied as moot.

153.    This Count was dismissed by Order of the Court dated June 2, 2022 (doc. entry 31); accordingly, all allegations are denied as moot.

154.    This Count was dismissed by Order of the Court dated June 2, 2022 (doc. entry 31); accordingly, all allegations are denied as moot.

155.    This Count was dismissed by Order of the Court dated June 2, 2022 (doc. entry 31); accordingly, all allegations are denied as moot.

## II. **AFFIRMATIVE DEFENSES**

1.    DEFENDANT is entitled to set-off any amount of monies received by PLAINTIFFS regarding the incident alleged in the operative complaint; and/or payment from any collateral source, including but not limited to CO-DEFENDANT ROLSTON.

2.    DEFENDANT asserts that claims for exemplary or punitive damages violates its rights under the U.S. Constitution and any analogous provisions of the Florida State Constitution.

3.    DEFENDANT asserts that the Court lacks jurisdiction over this matter because

this case is a PREA claim in disguise.  As a PREA claim, PLAINTIFFS were required to exhaust administrative remedies.    PLAINTIFFS  failed  to  exhaust  such  remedies.    Accordingly, PLAINTIFFS failed to comply with the conditions precedent for bringing this action; and, the Court lacks jurisdiction over this case.

4.      DEFENDANT asserts that this action must be dismissed because this is a PREA claim in disguise and the PREA does not give rise to a private cause of action.  Additionally, the PREA does not give prisoners any specific, legal, or individual rights.

5.      DEFENDANT asserts the Independent Tort Doctrine as a defense and notes that the duty to perform "appropriate" audits arises under contract law and thus is based purely on a contractual relationship.  There is no tort duty owed to anyone to perform such audits.  No such duty exists independent of the contract.  Accordingly, the negligence action fails as a matter of law.    Not to mention, there is no duty owed to a prisoner under Florida tort law by an independent contractor performing prison audits.

6.      DEFENDANT asserts that the allegations concern criminal conduct and/or sexual misconduct; and, DEFENDANT has no duty to protect PLAINTIFFS from the criminal acts of third parties because such acts were not reasonably foreseeable.  Furthermore, there was no "special relationship" between PLAINTIFFS and DEFENDANT under Florida law that would give rise to such duty.  Further, DEFENDANT had no actual or constructive control over the prison facilities, prison employees, staff, guards, inmates, medical staff, independent contractors, or any other person or entity which were necessary to commit the alleged crimes or sexual misconduct and/or were in a position to prevent the alleged conduct.

7.      DEFENDANT asserts <u>Fabre v. Martin</u>, 623 So.2d 782 (Fla. 1993) regarding damages caused by others.  In this case, the other person is CO-DEFENDANT ROLSTON

and/or the prison employees, staff, guards, inmates, medical staff, independent contractors, or any other person or entity which were necessary to commit the alleged crimes or sexual misconduct and/or were in a position to prevent the alleged conduct..

8.     DEFENDANT asserts Comparative Fault and Fla. Stat. 768.81 and that any alleged damages recovered by PLAINTIFFS should be reduced in proportion to the negligence of the PLAINTIFFS and any other PARTY or non-party, such as CO-DEFENDANT ROLSTON, the prison employees, staff, guards, inmates, medical staff, independent contractors, or any other person or entity which were necessary to commit the alleged crimes or sexual misconduct and/or were in a position to prevent the alleged conduct; and, DEFENDANT can be liable only for its share of the alleged liability, regardless of whether such liability of another PARTY and/or non-party is based on negligence, vicarious liability, direct or indirect liability, derivative liability, and/or a non-delegable duty.

9.     DEFENDANT asserts the Uniform Contribution Among Joint Tortfeasors Act to the alleged claims and damages; and, DEFENDANT is entitled to a pro rata contribution of any and all damages caused by or resulting from any other party or tortfeasor, such as CO-DEFENDANT ROLSTON, the prison employees, staff, guards, inmates, medical staff, independent contractors, or any other person or entity which were necessary to commit the alleged crimes or sexual misconduct and/or were in a position to prevent the alleged conduct.

10.     DEFENDANT asserts the defense of intervening/superseding cause; and, that PLAINTIFFS' claims/damages are barred to the extent they were the result of actions of inactions of other persons or entities which constitute intervening and/or superseding causes, including, but not limited to, the acts and conduct of CO-DEFENDANT ROLSTON; and, the acts and conduct of the prison employees, staff, guards, inmates, medical staff, independent

contractors, or any other person or entity which were necessary to commit the alleged crimes or sexual misconduct and/or were in a position to prevent the alleged conduct.

11.    DEFENDANT asserts the defense of speculative damages and asserts that PLAINTIFFS' claims are barred to the extent that the damages sought are speculative, remote, contingent, uncertain, and/or not reasonable ascertainable.

12.    DEFENDANT asserts the defense of indispensable parties and asserts that PLAINTIFFS' claims are barred because PLAINTIFFS failed to join indispensable parties, such as the prison employees, staff, guards, inmates, medical staff, independent contractors, or any other person or entity which were necessary to commit the alleged crimes or sexual misconduct and/or were in a position to prevent the alleged conduct.

**Dated: June 14, 2022**                              Respectfully submitted,

                                                      */s/ Douglas A. Kahle*
                                                      Douglas A. Kahle, Esq.
                                                      Florida Bar No.: 0141194
                                                      E-Mail: dkahle@schwedpa.com
                                                      SCHWED KAHLE & KRESS, P.A.
                                                      11410 North Jog Road, Suite 100
                                                      Palm Beach Gardens, FL 33418
                                                      Telephone: (561) 694-0070
                                                      Facsimile: (561) 694-0057

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **<u>June 14, 2022,</u>** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Douglas A. Kahle*
Douglas A. Kahle, Esq.
Florida Bar No.: 0141194
E-Mail: dkahle@schwedpa.com

## SERVICE LIST

| | |
|---|---|
| James V. Cook, Esq.<br>Law Office of James Cook<br>314 West Jefferson Street<br>Tallahassee, FL 32301<br>Phone: (850) 222-8080 Fax: (850) 561-0836<br>cookjv@gmail.com<br><br>**_Counsel for Plaintiffs_** | Jay T. McCamic, Esq.<br>McCamic Law Firm, PLLC<br>80 12th Street, Ste. 305<br>Wheeling, WV 26003<br>Phone: 304-238-9460 Fax: 304-830-5324<br>jay@mccamic.com<br><br>**_Counsel for Plaintiffs_** |
| Richard E. Johnson, Esq.<br>Law Office of Richard E. Johnson<br>314 West Jefferson Street<br>Tallahassee, Florida 32301<br>Phone: (850) 425-1997 Fax: (850) 561-0836<br>rick@rej-law.com<br><br><br>**_Counsel for Plaintiffs_** | L. Dante diTrapano, Esq.<br>Benjamin Adams, Esq.<br>Alex McLaughlin, Esq.<br>Calwell Luce diTrapano, PLLC<br>500 Randolph Street<br>Charleston, WV 25302<br>Phone: 304-343-4323 Fax: 304-344-3684<br>dditrapano@cldlaw.com<br>badams@cldlaw.com<br>amclaughlin@ddlaw.com<br><br>**_Counsel for Plaintiffs_** |
| Anthony I. Werner, Esq.<br>John & Werner Law Offices, PLLC<br>Board of Trade Building, Ste. 200<br>80 - 12th Street<br>Wheeling, WV 26003<br>Phone: : 304-233-4380 Fax: 304-233-4387<br>awerner@johnwernerlaw.com<br><br>**_Counsel for Plaintiffs_** | |

Via CM/ECF

21